OPINION
{¶ 1} This is an appeal from a decision of the Stark County Court of Common Pleas granting a new trial. A Cross appeal by Appellee-Cross Appellant asserts error in the granting of five peremptory challenges to Appellant and four to Appellee-Cross Appellant.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 21, 1995, Appellant Eric Jenison, M.D. performed a radical hysterectomy on Appellee, Karen M. Layne.
 {¶ 3} Appellees-Cross Appellants allege that during such operation, Appellant failed to use the proper suture material to repair a left ureter tear.
 {¶ 4} Prior to voir dire, a jury questionnaire indicated that five potential jurors were employees of Mercy Medical Center.
 {¶ 5} The trial court permitted four peremptory challenges to Appellees-Cross Appellants, three to Appellant, Dr. Jenison and two to Mercy Medical Center. Also, Appellees-Cross Appellants received two peremptories as to alternates with Appellant Jenison allotted one and Mercy Medical Center one.
 {¶ 6} The court inquired as to bias of the employees of Mercy Medical Center.
 {¶ 7} The jury reached a verdict in favor of Appellant Jenison and Mercy Medical Center.
 {¶ 8} On Appellees-Cross Appellants motion for new trial, which was granted, the court stated:
 {¶ 9} "It was my responsibility to know R.C. 2313.42(E), and had I, I would have granted Mr. Slagle's challenge for cause for those jurors. I did not, I erred, and it was to the prejudice of the Plaintiffs. Therefore, the Court hereby grants the Plaintiffs' Motion for New Trial as to both parties.
 {¶ 10} "See Berk v. Matthews (1980), 53 Ohio St.3d 161; Bell v.Babcock and Wilcox Co., 1993 WL 329900 (Ohio App. 9 Dist.); Richter v.University Hospitals of Cleveland, 1983 WL 2959 (Ohio App. 8 Dist.);Metzger v. Al Ataie, 2003 WL 21251579 (Ohio App. 4 Dist)."
 {¶ 11} Mercy Medical Center settled with Appellees-Cross Appellants and is not involved in this appeal.
 {¶ 12} The three Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 13} "I. The trial court erred by granting plaintiffs' motion for new jury trial because (1) R.C. 2313.42 does not require the automatic exclusion of all potential jurors who are employed by a named defendant; (2) the trial court's analysis of which jurors were employed by mercy medical center was incorrect; (3) Dr. Jenison did not employ any potential juror; (4) plaintiffs waived the right to object to the presence of employees of mercy medical center on the jury venire; and (5) no evidence exists that any potential juror was employed by mercy medical center.
 {¶ 14} "A. The trial court erred by granting plaintiffs a new trial against Dr. Jenison because R.C. 2313.42(E) does not require the automatic exclusion of all potential jurors who were allegedly Employed by Defendant-Appellant mercy medical, and no error or irregularity occurred at trial.
 {¶ 15} "B. The trial court erred by granting plaintiffs a new trial against Dr. Jenison because the court's analysis of the jurors that were allegedly employed by mercy was incorrect.
 {¶ 16} "C. The trial court erred by granting plaintiffs' motion for new jury trial against Dr. Jenison pursuant to R.C. 2313.42(E) because Dr. Jenison did not employ any potential juror.
 {¶ 17} "D. The trial court erred by granting plaintiffs a new trial against Dr. Jenison because plaintiffs failed to object to employees of mercy on the jury venire.
 {¶ 18} "E. The trial court erred by granting plaintiffs a new trial against Dr. Jenison because no evidence exists that any member of the jury venire was employed by timken mercy medical center, where the surgery at issue was performed.
 {¶ 19} "II. The trial court's order granting a new trial is now moot and void because co-defendant mercy medical center, the subject of the new trial motion, has settled this case.
 {¶ 20} "III. The trial court erred by assessing court costs against the defendants following a jury verdict in their favor."
 {¶ 21} The cross Assignment is:
 {¶ 22} "I. The trial court committed error by granting appellants a combined total of five peremptory challenges while only granting appellee four peremptory challenges."
 I., II. {¶ 23} The First Assignment of Error with its various subsections references R.C. 2313.42 which states:
 {¶ 24} "Any person called as a juror for the trial of any cause shall be examined under oath or upon affirmation as to his qualifications. A person is qualified to serve as a juror if he is an elector of the county and has been certified by the board of elections pursuant to section2313.06 of the Revised Code. A person also is qualified to serve as a juror if he is eighteen years of age or older, is a resident of the county, would be an elector if he were registered to vote, regardless of whether he actually is registered to vote, and has been certified by the registrar of motor vehicles pursuant to section 2313.06 of the Revised Code or otherwise as having a valid and current driver's or commercial driver's license.
 {¶ 25} "The following are good causes for challenge to any person called as a juror:
 {¶ 26} "(A) That he has been convicted of a crime which by law renders him disqualified to serve on a jury;
 {¶ 27} "(B) That he has an interest in the cause;
 {¶ 28} "(C) That he has an action pending between him and either party;
 {¶ 29} "(D) That he formerly was a juror in the same cause;
 {¶ 30} "(E) That he is the employer, the employee, or the spouse, parent, son, or daughter of the employer or employee, counselor, agent, steward, or attorney of either party;
 {¶ 31} "(F) That he is subpoenaed in good faith as a witness in the cause;
 {¶ 32} "(G) That he is akin by consanguinity or affinity within the fourth degree, to either party, or to the attorney of either party;
 {¶ 33} "(H) That he or his spouse, parent, son, or daughter is a party to another action then pending in any court in which an attorney in the cause then on trial is an attorney, either for or against him;
 {¶ 34} "(I) That he, not being a regular juror of the term, has already served as a talesman in the trial of any cause, in any court of record in the county within the preceding twelve months;
 {¶ 35} "(J) That he discloses by his answers that he cannot be a fair and impartial juror or will not follow the law as given to him by the court.
 {¶ 36} "Each challenge listed in this section shall be considered as a principal challenge, and its validity tried by the court."
 {¶ 37} Prior to the trial court's ruling, Appellees-Cross Appellants had filed the motion for new trial predicated upon Civil Rule 59(A)(1) and (9).
 {¶ 38} Such Rule states:
 {¶ 39} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 40} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;"
 {¶ 41} * * * *
 {¶ 42} "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application."
 {¶ 43} Two of the cases cited by the trial court to-wit: Bell v.Babcock Wilcox Co., (Sept. 1, 1993), 9 Dist. App. No. 15887, Summit County, Metzger v. Al-Ataie, (Sept. 1, 1993), 9 Dist. App. No. 15887, Summit County, involve the refusal by the court to excuse for cause.
 {¶ 44} While the trial court's decision indicates error in failing to excuse for cause pursuant to R.C. 2313.42, such is not the issue now before this Court but rather whether the trial court abused its discretion in granting a new trial, not in the initial determination as to excusing for cause when Appellees-Cross Appellants raised a general, but not individually specific objection to hospital employees. (Tr. 217).
 {¶ 45} The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 46} While two cases cited by the trial court hold, contrary to the trial court's reasoning, that R.C. 2313.42 does not mandate the recusal of persons falling thereunder such as those cited by the court, Richterv. University Hospitals of Cleveland, (May 5, 1983), 8th Dist. App. No. 45382, Cuyahoga County, Metzger and Bell v. Babcock Wllcox Co., etal. (Sept. 1, 1993), 9 Dist. App. No. 15887, Summit County, the essential issue as stated, is whether an abuse of discretion occurred.
 {¶ 47} The Ohio Supreme Court has held that, nothwithstanding the listings contained within R.C. 2313.42, the determination to excuse for cause is a discretionary function of the trial court.Berk v. Matthews, (1990), 53 Ohio St.3d 161.
 {¶ 48} Such case also held that an appellate court is not free to substitute its own judgment when applying the abuse of discretion standard. See also, Malone v. Courtyard By Marriott Ltd, (1995),74 Ohio St.3d 440.
 {¶ 49} Therefore, while we might disagree with the trial court as to the mandatory nature of R.C. 2313.42 as to excusing for cause, we find no abuse of discretion and therefore reject the First Assignment of Error, including its subsections.
 {¶ 50} We also reject the Second Assignment of Error as the subsequent settlement by Mercy Medical Center has no relationship to the decision of the court.
 {¶ 51} This ruling obviates the necessity to rule on the cross appeal.
 III. {¶ 52} The Third Assignment relates to the assessment of costs.
 {¶ 53} Civil Rule 54(D) states:
 {¶ 54} "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."
 {¶ 55} While such rule allows discretion to the court as to the application of payment of costs, we must sustain the Third Assignment and vacate the order as to payment of costs not because an abuse of discretion occurred but due to our ruling on the First Assignment, no prevailing party will, as yet, be determined and, of necessity the court must again review the cost payment issue upon conclusion of the new trial ordered.
 {¶ 56} Therefore, this cause is affirmed in part and reversed in part.
Boggins, P.J., Gwin, J., concur.
Hoffman, J., concurs separately.